NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2017*
Decided June 21, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-3734

| | |
|---|---|
| SCOTT E. OBERST, | Appeal from the United States District |
|     *Petitioner-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
|     *v.* | |
| | No. 2:15-cv-01009-DEJ |
| AMY ARDIKOVIC, | |
|     *Respondent-Appellee*. | David E. Jones, |
| | *Magistrate Judge*. |

**O R D E R**

Scott Oberst filed an appeal challenging the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because he has not presented

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

any argument that would warrant reversal of the district court's judgment, we affirm the denial of his petition.

Oberst raised only one claim in his petition: that the Wisconsin courts erred by failing to suppress evidence of data collected from a Global Positioning Satellite (GPS) tracking device that police installed on his vehicle without a warrant. The district court denied his petition on the grounds that Oberst had a full and fair opportunity to litigate his Fourth Amendment claim in state court. That meant, under the rule of *Stone v. Powell*, 428 U.S. 465 (1976), that federal habeas corpus relief was unavailable. The district court also held that *if* it had reached the merits, it would have rejected Oberst's petition on the merits, because the state-court proceedings did not result in a decision contrary to, or involving an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d). After initially denying Oberst a certificate of appealability (COA), the district court changed its mind and issued a COA permitting Oberst to appeal the question whether the state courts had unreasonably determined that (1) *United States v. Jones*, 132 S.Ct. 945 (2012), should not be applied retroactively and that (2) law enforcement officers reasonably relied on then-existing precedent when they installed the GPS device without a warrant. The COA did not mention the question whether Oberst's petition was barred by *Stone*, 428 U.S. 465.

Oberst did not move or argue for an expanded COA to address the *Stone* issue. He fails to make any argument pertinent to the bar established by *Stone* in his appellate briefs, and nowhere does he contest the district court's determination or the appellees' contention that he was provided the full and fair opportunity to litigate his claim in the state courts. That omission is fatal. Any consideration of the merits must grapple with the Supreme Court's determination in *Stone* that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494; see also *Monroe v. Davis*, 712 F.3d 1106, 1112–13 (7th Cir. 2013). Nothing Oberst has said reveals the existence of any exception to that bar. This also means that we have no need to consider the question whether Oberst's case would be affected by the resolution of *Carpenter v. United States,* No. 16-402, cert. granted, June 5, 2017. *Carpenter* deals with a different question in any event: whether the warrantless seizure and search of historical cell-phone records is permitted by the Fourth Amendment.

We therefore AFFIRM the denial of Oberst's petition for a writ of habeas corpus.